UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELENA GRAHAM, individually and on behalf of all other similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>PHH MORTGAGE CORPORATION, d/b/a, PHH MORTGAGE SERVICES; NEWREZ LLC; AMERICAN SECURITY INSURANCE COMPANY; and ASSURANT, INC.,<br><br>               Defendants. | Civil Action No.: 2:25-cv-00432 |

**STIPULATED DISCOVERY CONFIDENTIALITY ORDER**

      Plaintiff Helena Graham ("Plaintiff") and Defendants PHH Mortgage Corporation ("PHH"), American Security Insurance Company ("ASIC"), Assurant, Inc. ("Assurant"), and Newrez LLC ("Newrez") (collectively, the "Parties"), by and through their respective counsel, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), hereby stipulate to the issuance of a confidentiality order limiting the dissemination and use of documents and things containing proprietary and/or confidential information that will be produced by the Parties in accordance with the terms set forth herein (the "Discovery Confidentiality Order"). More specifically, the Parties submit that:

      1.     Discovery in this action may involve the disclosure of confidential, personal, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. This information includes, without limitation, social security numbers, birthdates, bank account numbers, and other personal identifying information; confidential business information; and confidential financial

information. Additionally, this action involves a dispute among private parties and does not involve any government entities or actors, therefore, the importance of access by the public to confidential documents and information is non-existent.

2.     This Discovery Confidentiality Order is needed to ensure fair and efficient completion of discovery while protecting the Parties' and third parties' rights in such confidential, sensitive information and minimizing judicial intervention in the discovery process. Nothing in this Discovery Confidentiality Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action. Nothing herein will be construed as an admission that designated material is confidential, private, or proprietary, nor will it in any way limit a Party's ability to challenge such a designation pursuant to the terms of this stipulation.

3.     Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive financial information, or other confidential business information, or (b) that contains private or confidential personal information, including health, financial, or sensitive employment-related information, or (c) that contains information received in confidence from third parties, or (d) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").  The legend shall be placed on or affixed to each thing, document, and page thereof that contains Confidential material.

4. Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). The legend shall be placed on or affixed to each thing, document, and page thereof that contains Attorneys' Eyes Only material.

5. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action and shall not be used by the receiving party for any other purpose.

6. Documents designated as Confidential, copies thereof, and information contained therein shall be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    d. The Court, court personnel, and court reporters;

    e. Any deponent may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

    f. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    g. The Parties. In the case of Parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit;

    h. Persons whom counsel for a Party to this litigation believe are likely to be called to give testimony on matters related to the information designated as "Confidential," but only if (i) it appears that the individual authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document, or thing, or if the

producing party consents to such disclosure; or (ii) the individual has signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    i.    Members of the jury at trial in this matter; and

    j.    Any other person to whom the Parties agree in writing.

7.    Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any individuals other than those listed in paragraph 6, until and unless (i) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (ii) the Court orders such disclosure.

8.    Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

    a.    Outside counsel (herein defined as any attorney at the Parties' outside law firms, which firms have appeared in the action);

    b.    Relevant in-house counsel for the Parties;

    c.    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    d.    Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    e.    The Court and court personnel;

    f.    Any deponent may be shown or examined on any information, document, or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document, or thing, or

        if the producing party consents to such disclosure;

    g.    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

    h.    To such other persons as counsel for the producing party agrees or as Ordered by the Court.

9.    With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a Party to this action, such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 6(a), (b), (c), (d), (f) and (g) above for Confidential material, or Paragraph 8 for Attorneys' Eyes Only material; and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6(a), (b), (c), (d), (f) and (g) above for Confidential material, or Paragraph 8 for Attorneys' Eyes Only material during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as

Confidential or Attorneys' Eyes Only, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 6, 7, and 8.

10.  Any Party may contest the confidential status of any document or information designated as Confidential or Attorneys' Eyes Only by serving written objections on the producing Party. If a Party disagrees with the designation of any document or information as Confidential or Attorneys' Eyes Only, it shall notify the other Party or its counsel and they shall attempt to resolve the dispute by agreement. If the dispute is not resolved, the parties shall notify the Court of the dispute and request a telephone conference call with the Court and among all interested parties to resolve the dispute. The proponent of the confidential designation shall have the burden of showing why such document or information should be confidential. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). The Parties shall continue to keep the document or information confidential unless and until the Court rules otherwise in accordance with the Federal Rules of Civil Procedure.

11.  Absent written permission from the designating Party or a court order secured after appropriate notice to all interested persons, a receiving Party may not file or disclose in the public record any Confidential or Attorneys' Eyes Only information, and instead shall file such information under seal, subject to applicable rules. If a receiving Party desires to file Confidential or Attorneys' Eyes Only information in the public record, the receiving Party shall notify the designating Party at least ten (10) days prior to filing any such Confidential or Attorneys' Eyes Only information to allow the designating Party to make an application to the Court to seal the Confidential or Attorneys' Eyes Only information for good cause. If the designating Party makes such an application, and the Court does not issue an order before the receiving Party's filing

deadline, the receiving Party shall file the Confidential or Attorneys' Eyes Only information under seal, subject to the Court's ruling on the application.

12. Any document designated by either Party as containing Confidential or Attorneys' Eyes Only information may be introduced during the trial of this action, subject to evidentiary objections. The Parties stipulate, however, that if a Party intends to make such documents part of the Court's pre-trial record in this action, the Party shall notify the designating party at least ten (10) days prior to filing any such Confidential or Attorneys' Eyes Only information to allow the designating Party to make application to the Court to seal the Confidential or Attorneys' Eyes Only information for good cause. If the designating Party makes such an application, and the Court does not issue an order before the receiving Party's filing deadline, the receiving Party shall file the Confidential or Attorneys' Eyes Only information under seal, subject to the Court's ruling on the application.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential or Attorneys' Eyes Only under this Discovery Confidentiality Order.

14. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege after receiving notice of the inadvertent or mistaken disclosure.

15. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Discovery Confidentiality Order. If, however, the receiving party has actual knowledge that the source was not rightfully in possession of such information on a non-confidential basis, the receiving party shall treat the information as if it had been designated as Confidential or Attorneys' Eyes Only.

16. Within thirty (30) days after the conclusion of this action and all appeals therefrom, if any, the originals and all copies of any documents containing Confidential or Attorneys' Eyes Only material subject to the Discovery Confidentiality Order and that have not been made part of the Court record shall be returned to the Party's counsel that produced or provided the documents containing Confidential or Attorneys' Eyes Only information. Alternatively, within thirty (30) days after the conclusion of this action and all appeals therefrom, the Parties through counsel may certify in writing to the other side that all such documents and information containing Confidential or Attorneys' Eyes Only information, including any copies, have been destroyed.

17. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party on any permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by the parties.

19. The Court retains the right to allow disclosure of any subject covered by this stipulated Order or to modify this stipulated Order at any time in the interest of justice.

Respectfully submitted,

| | |
|---|---|
| Dated: January 8, 2026 | Dated: January 8, 2026 |
| STRADLEY RONON STEVENS & YOUNG, LLP | J.P. WARD & ASSOCIATES, LLC |
| By: /s/ Joe Nguyen<br>Joe Nguyen<br>PA Attorney No. 93638<br>2005 Market Street, Suite 2600<br>Philadelphia, PA 19103<br>Telephone: (215) 564-8000<br>Facsimile: (215) 564-8120<br>Email: jnguyen@stradley.com | By: /s/ Joshua P. Ward<br>Joshua P. Ward<br>PA Attorney No. 320347<br>201 South Highland Avenue, Suite 201<br>Pittsburgh, PA 15206<br>Telephone: (412) 545-3015<br>Email: jward@jpward.com<br><br>*Attorneys for Plaintiff Helena Graham* |
| Christopher A. Reese<br>PA Attorney No. 308939<br>457 Haddonfield Road, Suite 100<br>Cherry Hill, NJ 08002<br>Telephone: (856) 321-2408<br>Facsimile: (856) 321-2415<br>Email: creese@stradley.com | Dated: January 8, 2026<br><br>FAEGRE DRINKER BIDDLE & REATH LLP<br><br>By: /s/ Brian P. Perryman<br>Brian P. Perryman, *pro hac vice*<br>Frank G. Burt, *pro hac vice*<br>1500 K Street NW, Suite 1100<br>Washington, DC 20005 |
| *Attorneys for Defendant PHH Mortgage Corporation d/b/a PHH Mortgage Services* | |

Telephone: (202) 230-5000
Facsimile: (202) 842-8465
Email: brian.perryman@faegredrinker.com
Email: frank.burt@faegredrinker.com

Christopher F. Petillo
PA Attorney ID No. 309339
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
Email:
christopher.petillo@faegredrinker.com

*Attorneys for Defendants American Security Insurance Company and Assurant, Inc.*

Dated: January 8, 2026

KLEHR HARRISON HARVEY
BRANZBURG LLP

By: */s/ Jordan M. Rand*
Jordan M. Rand
PA Attorney No. 208671
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
(215) 569-3024
Email: jrand@klehr.com

*Attorneys for Defendant Newrez, LLC*

IT IS SO ORDERED:

Dated: 1/8/2026

S/ WENDY BEETLESTONE

The Honorable Wendy Beetlestone, U.S.D.J.

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELENA GRAHAM, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>PHH MORTGAGE CORPORATION, d/b/a, PHH MORTGAGE SERVICES; NEWREZ LLC; AMERICAN SECURITY INSURANCE COMPANY; and ASSURANT, INC.,<br><br>     Defendants. | C.A. No. 2:25-cv-00432<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

  I, _____, being duly sworn, state that:

  1.  My address is _____.

  2.  My present employer is _____ and the address of my present employment is _____.

  3.  My present occupation or job description is _____.

  4.  I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

  5.  I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

  6.  I will limit use of Confidential material disclosed to me solely for purpose of this action.

  7.  No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

  I declare under penalty of perjury that the foregoing is true and correct.

  Dated: _____  _____